IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SCOTT NESSLAND,<br><br>Defendant. | CR 13–10–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Kevin Scott Nessland's Motion for Early Termination of Supervision. (Doc. 73.) After a bench trial before this Court, Nessland was convicted of three counts of receipt of child pornography. (Doc. 40.) Nessland was thereafter sentenced to 84 months incarceration, all counts concurrent to one another and concurrent with a state-imposed sentence. (Doc. 53 at 2.) Upon release, Nessland was ordered to be on supervised release for a term of 15 years. (*Id.* at 3.)

Nessland began his current term of supervision on September 12, 2019, and his term is set to expire on September 11, 2034. (Doc. 73 at 2.) Nessland's Probation Officer reported that he has maintained compliance with all conditions of his supervised release. (*Id.* at 2–3.) Nessland, filing pro se, seeks the premature termination of his remaining term of supervised release. (Doc. 71.) The United

1

States Attorney's Office objects to the motion, and United States Probation takes no position. (Doc. 73 at 4.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Nessland began his fifteen-year term of supervised release on September 12, 2019, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

2

conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors does not support the early termination of Nessland's remaining term of supervised release. Nessland's history and characteristics, as well as his offense conduct, are of significant concern to the Court. Nessland committed sex crimes against children for three-and-a-half years. (Doc. 55 ¶ 22.) Nessland also illegally captured intrusive recordings of his female neighbors. (*Id.* ¶ 17.) Moreover, Nessland admitted that he "began viewing pornography at 13," and that his pornography addiction began to spiral out of control when he "became more incessant and his preferences more hardcore, eventually becoming an everyday habit." (*Id.* ¶ 57.) In light of the above, the Court believes that further monitoring is also necessary to deter future criminal conduct and to protect the public from future crimes.

Nessland has not completed even half of his term of supervision. Though the Court commends Nessland for his performance while on supervision, continued monitoring through more time on supervision is appropriate given the above consideration of the § 3553(a) factors. Therefore, the Court finds that termination

3

of Nessland's current term of supervised release is not warranted at this time.

Accordingly, IT IS ORDERED that the motion (Doc. 71) is DENIED.

The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 3rd day of September, 2025.

Dana L. Christensen, District Judge
United States District Court